CASE 75—INDICTMENT—MAY 19.

## Duncan v. Commonwealth.

APPEAL FROM NICHOLAS CIRCUIT COURT.

1. HOUSE-BREAKING.—Under sec. 4 of art. 5, chap. 29, General Statutes, which provides for the punishment of any person who shall feloniously break any dwelling-house, and feloniously take away any thing of value, it does not make any difference how great or how little may be the value of the thing feloniously taken away from a house feloniously broken; and while it is not necessary to aver in the indictment any thing more in respect thereto, than that the thing taken was of *value*, yet the fact that the indictment in this case averred that the thing taken was of value as much as five dollars, did not render the indictment defective.

2. SAME.—Where this offense is charged and proved, the punishment can not be for the mere larceny.

Duncan v. Commonwealth.

3. SAME.—The offense may be complete whether the owner or any other person be present, and it does not, therefore, make any difference whether, if the owner or other person be present, he does or not protest.

4. PREJUDICIAL ERROR.—There can be no reversal for an error in admitting incompetent testimony where it appears that the defendant's substantial rights were not prejudiced thereby.

HANSON KENNEDY AND JOHN F. MORGAN FOR APPELLANT.

1. The indictment charges two separate and distinct offenses — housebreaking and petit larceny—and the court should have required the Commonwealth to elect which it would prosecute.

2. Mrs. Boyd, by her conduct, consented that appellant might enter her house, and, therefore, the breaking was not *felonious.*

3. The court erred in admitting hearsay testimony, and in permitting Mrs. Boyd to assume, as a fact, that appellant was guilty as charged.

4. The verdict is contrary to the evidence.

5. The verdict shows appellant to be guilty of petit larceny only. To convict under the statute there must be a *felonious* breaking. (Gen. Stats., chap. 29, art. 5, sec. 4.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

1. The fact that the indictment specifies the property and alleges its value, instead of conforming to the language of the statute, is not an objection. This was, in fact, essential, and conforms to the rules of good pleading.

2. The fact that the owner of the house is present, does not affect the question of guilt under the statute. (Gen. Stats., chap. 29, art. 5, sec. 4.)

3. The testimony objected to was not prejudicial.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The indictment under which appellant was tried and convicted, is for the offense of feloniously breaking the dwelling-house of James Boyd, and feloniously taking therefrom silver spoons of the value of five dollars, denounced by section 4, article 5, chapter 29, General Statutes.

It is stated, substantially, in the indictment, that appellant broke and entered the house by raising a window thereof, and taking therefrom the spoons

described, neither the owner nor any other person being there at the time.

Upon the trial, the wife of the owner of the house testified that she was, on the day the offense is charged to have been committed, returning from a visit to a neighbor, and when she got to a point between two hundred and three hundred yards of the house, saw appellant enter it in the manner mentioned, and in a short time come out of it, and approach to within about one hundred and fifty yards of where she was, and then turn and go along a path leading to his, appellant's, house.

She further testified, that after going into the house, she missed the spoons, and thereafter charged appellant with the offense. She is corroborated, to a considerable extent, by her husband and another witness; and, while she was contradicted in some important particulars by others, we are not authorized to disturb the verdict of the jury because contrary to the evidence, for they evidently believed her testimony, and of her credibility they were the exclusive judges.

We do not think her statement, that on Friday morning her husband found the spoons that Jack had stolen hanging on the gate-post, could have prejudiced his substantial rights. For her husband himself testifies to the fact of finding the spoons, and whether appellant stole them or not, was to be determined by the jury alone upon the evidence, and doubtless they did in that way, and not upon the opinion of the witness, arrive at their verdict.

It was not proper to permit the witness Banta to state that Boyd told him the next day after it occurred

that appellant had broken into his house. But in view of the facts testified to by Boyd and his wife, corroborated by other witnesses, we are satisfied that statement did not substantially prejudice appellant.

As one of the grounds for a new trial, appellant stated in his affidavit that he had discovered what he could prove by two persons, who were not examined on the trial, the substance of which was that Mrs. Boyd told them, a day or two after she missed the spoons, that she did not know who had stolen them, but that after they were hung on the gate-post, she then believed Jack Duncan, appellant, got them.

This evidence, even if it had been before the jury in the precise form stated in the affidavit, would not have affected the verdict of the jury. For the simple fact the spoons were hung on the gate-post, in the absence of knowledge of the person by whom they were put there, could not have had any influence on the belief of Mrs. Boyd, one way or another. Her statement is, she saw appellant go into the house, and afterwards missed the spoons, and two or three days thereafter charged him, as he admits, with having taken them, and the next day after that conversation they were found on the gate-post.

For appellant two instructions were asked, which it is contended were erroneously refused. The first one of them is, in substance, that if appellant broke and entered the dwelling-house, in the presence of Boyd or some member of his family, without objection or protest by such person, and took therefrom silver spoons of the value of five dollars, they must find him not guilty. By the second the court was asked to instruct

the jury that, upon the same hypothesis, they could find him, at most, guilty of petit larceny, the property taken being of the value of five dollars.

So much of the section under which this indictment was found as is applicable, is as follows: "If any person * * * shall feloniously break any dwelling-house, * * and feloniously take away any thing of value, although the owner or any person may not be there, he shall be confined in the penitentiary not less than two nor more than ten years."

It does not make any difference, under that section, how great or how little may be the value of the thing feloniously taken away from a house feloniously broken, and it was not necessary to aver in the indictment any thing more in respect thereto, than that the spoons were of value. And certainly the allegation that the thing taken was of value as much as five dollars, did not render the indictment defective. Nor when the offense of felonious breaking and felonious taking away is charged and proved, can the punishment be for the mere larceny only, either grand or petit larceny.

The offense may be complete whether the owner or any other person be present; and it, therefore, does not make any difference whether, if the owner or other person be present, he does or does not object or protest. For if, without regard to the intent with which a person may break a dwelling-house, and carry away property of value, his guilt must be determined by the conduct of the owner, it would follow that he might escape punishment simply because the owner was too timid to protest or weak to resist.

Perceiving no error to the prejudice of the substantial rights of appellant, we affirm the judgment.